### George E. Crane v. Sherman S. Jewett et al.

1. FINAL ORDER—*What is Not.*—An order of a Circuit Court in a chancery suit for the surrender of the custody of the fund by a receiver to another officer of the court, made expressly without prejudice to the accounting before the master, and concluding with an intimation that if such order is not complied with by a day certain, the court will treat the receiver as in contempt, is not a final order.

Creditor's Bill.—Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1897. Writ dismissed. Opinion filed December 16, 1897.

C. J. MICHELET, attorney for plaintiff in error.

JOHNSON & MORRILL, attorneys for defendants in error.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This writ of error is prosecuted to review an order of the Circuit Court of Cook County, entered April 10, 1897, which is as follows:

" This cause having come on to be heard upon the motion of certain of the intervening petitioners in the above entitled cause, that the receiver herein pay over to the clerk of this court all moneys in his possession as such receiver, and it appearing to the court that in the decree entered herein on July 3, 1895, it was ordered that the receiver herein pay over to the clerk of this court all moneys in his possession as such receiver, which decree upon appeal has been affirmed by the Appellate and Supreme Courts.

And it further appearing to the court, as shown by the

reports filed by said receiver, that he has in his hand as such receiver at least the sum of $294, it is therefore ordered, adjudged and decreed by the court that the said receiver pay over to the clerk of this court, on or before the 15th day of April, 1897, the sum of two hundred ninety-four dollars ($294), in default of which payment to the said clerk on or before the day mentioned, the said receiver will stand committed for contempt of court, this order, however, being entered without prejudice to the order of reference heretofore entered, concerning the reports and accounts of said receiver."

Prior thereto, and on the 1st day of April, 1897, another order had been entered in the cause as follows:

" Upon the motion of counsel for the receiver in the above entitled cause that all reports and accounts heretofore filed by said receiver in said cause, together with the objections thereto, be referred to a master in chancery of this court, it is ordered by the court that all reports and accounts heretofore filed by said receiver in said cause, together with all objections filed thereto, be referred to Thomas Taylor, one of the masters in chancery of this court, to take testimony, hear arguments and determine as to the correctness and validity of the receipts and disbursements set forth in said reports and accounts, and to settle receiver's accounts and report his findings in reference thereto to this court, with leave to all parties to apply for further orders or directions from time to time."

It is complained by plaintiff in error that the order of April 10th should be reversed because, without any ascertainment (through the hearing ordered before the master) of the amount which plaintiff in error might be allowed, if anything, as fees for receiver, it ordered the entire sum in his hands to be paid over to the clerk, and also because, it is claimed, plaintiff in error is by that order committed for contempt without having first been ordered to show cause.

We think that the order is not subject to objection upon either of these grounds.

It is not final either in respect of the allowance of fees or

160    APPELLATE COURTS OF ILLINOIS.

VOL. 72.]    Mechanics & Traders Loan & Bldg. Ass'n v. People.

of commitment for contempt. By its terms it is expressly made without prejudice to the accounting before the master. Neither is it final as to commitment of plaintiff in error for contempt. It amounts merely to an order to surrender the custody of the fund to another officer of the court, viz., the clerk, and concludes with an intimation that if the order be not complied with by a day certain, the court will then treat the receiver as in contempt. That in such event another order fixing the manner and term of commitment would be necessary, seems evident, and that such further order, and not this order, would be the final order of commitment, seems equally clear.

The order, to review which the writ of error is sued, not being a final order, and hence not subject to review, the writ of error is dismissed.